UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>   vs.<br><br>ALLISON, et al.,<br><br>          Defendants. | **1:21-cv-00122-AWI-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(ECF No. 13.)** |

## I.     BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 8, 2021, Plaintiff's application to proceed *in forma pauperis* was denied under 28 U.S.C. § 1915(g) and this case was dismissed without prejudice to re-filing the case with payment of the filing fee.  (ECF No. 8.)

On March 10, 2021, Plaintiff filed a request to re-file the complaint in this action subject to the Southern District's pre-filing order calling Plaintiff vexatious.  (ECF No. 10.)  On March 30, 2021, the court denied Plaintiff's request.  (ECF No. 12.)

On April 12, 2021, Plaintiff filed a motion for reconsideration of the court's March 30, 2021 order.  (ECF No. 13.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.    PLAINTIFF'S MOTION

Plaintiff requests the court to reconsider its order denying Plaintiff's request for leave to re-submit the complaint for this action, subject to the pre-filing order issued by the Southern

District of California in case no. 18-cv-0326-AJB-WVG (So. Dist. Cal. 2019); Hammler v. Alvarez." (ECF No. 10.)  Plaintiff asserts that in refiling this case he intended to pay the filing fee and now seeks to do so.

**IV.     DISCUSSION**

As discussed above, this case was dismissed on March 8, 2021, without prejudice to re-filing the case with payment of the filing fee.  (ECF No. 8.)  This case is now closed.  In the court's order dismissing this case Plaintiff was not granted leave to re-open this case.  The order allows Plaintiff to "re-file[] the case with submission of the $402.00 filing fee."  (Id. at 2 ¶ 3.)  Plaintiff is not precluded from filing a new case bringing the claims Plaintiff brought in this case, however it must be accompanied with payment of the filing fee.

Plaintiff indicates that he wishes to pay the $402.00 filing fee and that "funds have been secured." (ECF No. 13 at 1:25.)  **If this is so and Plaintiff wishes to reinstate this case he should file a new Complaint commencing a new case, accompanied with payment of the $402.00 filing fee.  The new Complaint should not refer to case number 1:21-cv-00122-AWI-GSA-PC.  The Clerk will assign a new case number.**

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, based on the foregoing, Plaintiff's motion for reconsideration shall be denied.

**V.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 12, 2021, is DENIED.

IT IS SO ORDERED.

   Dated:   **April 15, 2021**               **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE